# NO. 12-07-00322-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF R.D.G.* | § | *APPEAL FROM THE 307TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *AND G.L.G., MINOR CHILDREN* | § | *GREGG COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Deborah T. appeals the trial court's order terminating her parental rights to her two children. In her sole issue, she contends that Texas Family Code Section 263.405 denies constitutionally guaranteed due process of law to indigent parents who are appointed new counsel on appeal. We affirm.

### BACKGROUND

On December 12, 2005, the Department of Family and Protective Services filed a petition for protection of a child, for conservatorship, and for termination of the parent-child relationship between parents Deborah T. and Jimmy G. and their two children. The Department was named temporary managing conservator of the children and they were placed in foster homes. Within eight months, the children were returned to their parents in a monitored placement. By mid-November 2006, Deborah had moved out of the home. In February 2007, the children were again placed in foster care. On August 10, 2007, the trial court entered a final order terminating Deborah's and Jimmy's[1] parental rights. Deborah timely filed a motion for new trial complaining of the sufficiency of the evidence to support the trial court's order and contending that portions of Texas Family Code

---

[1] Jimmy is not a party to this appeal.

Section 263.405 are unconstitutional. The trial court held a hearing at which no evidence was presented. The court noted that Deborah had previously been found indigent and entered a finding that, as to the sufficiency points, the appeal is frivolous. The trial court refused to make a finding regarding the constitutional complaints.

**DUE PROCESS**

In her sole issue, Deborah asserts that Section 263.405 of the Texas Family Code denies due process of law under the Fourteenth Amendment to the United States Constitution to indigent parents who are appointed new counsel on appeal. She argues that the statutory procedures governing a parent's appeal from a decree that terminates the parent-child relationship violates the parent's right to procedural due process. Under the statute, a parent must file a statement of points to be appealed before a record of the trial has been produced. This limits appellate counsel's ability to know the points that should be included, thus preventing him from preserving those issues for appeal and impairing his ability to argue those points at the frivolousness hearing, especially if appellate counsel was not involved at the trial level. Thus, application of Section 263.405 might result in ineffective assistance of counsel in addition to waiver of other error.

**Applicable Law**

Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and imposes strict deadlines for the process. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon Supp. 2007). A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. *Id*. § 263.405(b). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. *Id*. § 263.405(i). The trial court must hold a hearing not later than the thirtieth day after the date the final order is signed to determine whether a new trial should be granted, whether a party's claim of indigence should be sustained, and whether the appeal is frivolous as provided by Texas Civil Practice and Remedies Code Section 13.003(b). *Id.* § 263.405(d). The test for determining if a party is indigent and therefore entitled to a free record is set forth in Section 13.003 of the Texas Civil Practice and Remedies Code and requires, among other things, a finding that the

appeal is not frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (Vernon 2002). Therefore, the determination by the trial court that the appeal of the order of termination of parental rights is frivolous has the consequence of denying the indigent parent the right to a free clerk's record and reporter's record of the underlying trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A).

**Discussion**

Deborah asserts that the operation of Section 263.405 is circular. She argues that "it prevents an indigent parent from obtaining a record until after the trial court rules on points that require a record to formulate and present." In other words, an indigent parent cannot obtain a free record until the trial court finds her appeal is not frivolous, a finding made after reviewing her points for appeal, which require assessment of the record to formulate. While it appears that application of the statute ordinarily creates such a conundrum, in this case the court reporter's record of the termination proceeding was filed in this court and Deborah had access to it before her brief was filed. Yet Deborah does not indicate how she personally was harmed by application of Section 263.405. That is, even though she had access to the record, she does not suggest any appellate issue that she was prevented from raising as a result of Section 263.405 and does not show how any constitutional violation resulted in an improper judgment. *See In re J.J.*, No. 02-06-333-CV, 2008 Tex. App. LEXIS 1714, at *1 (Tex. App.–Fort Worth March 6, 2008, no pet. h.).

We must avoid constitutional decisions until the issues are presented with clarity, precision, and certainty. *See Rescue Army v. Mun. Court*, 331 U.S. 549, 576, 67 S. Ct. 1409, 1423, 91 L. Ed. 1666 (1947). Thus, we cannot decide abstract, hypothetical, or contingent questions. The subject matter jurisdiction of courts rests, in part, on the ripeness of the issues. *Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness is one of several categories of justiciability. *See Perry v. Del Rio*, 66 S.W.3d 239, 249 (Tex. 2001). Justiciability requires a concrete injury, a requirement based on the judicial prohibition against issuing advisory opinions. *See Patterson*, 971 S.W.2d at 442-43.

In some cases, upon studying the record of the trial court proceedings, an appellate attorney might uncover additional issues not previously raised that he would want to present for appellate review. However, we cannot declare a statute invalid based on a hypothetical possibility that the law

may be unreasonable. *See United States v. Coastal Ref. and Mktg., Inc.*, 911 F.2d 1036, 1044 (5th Cir. 1990). Here, Deborah had access to the record on appeal and yet did not brief any issues she was unable to raise in the trial court due to unavailability of the record at the time her statement of points was due. Deborah's sole complaint on appeal is hypothetical rather than definite and concrete. We overrule Deborah's sole issue.

## DISPOSITION

Because Deborah's sole issue is not ripe for review, we ***affirm*** the trial court's order of termination.

    SAM GRIFFITH
Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4